CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VALDEMAR ALBERTO VELIZ,                    : Case No. 17-
                                           :
                        Plaintiff,         : CV-58
                                           :
        -against-                          : **COMPLAINT**
                                           :
DAHE RAMEN INC. d/b/a UMAI RAMEN, and       : **Jury Trial**
HE WANG,                                   : **Demanded**
                                           :
                        Defendants.        :
-----------------------------------------------------------------X

Plaintiff, VALDEMAR ALBERTO VELIZ (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants DAHE RAMEN INC. d/b/a UMAI RAMEN ("UMAI RAMEN"), and HE WANG (collectively, the "Defendants") and states as follows:

## INTRODUCTION

1.  Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Kings County, New York.

6. Defendant, UMAI RAMEN, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 6320 18th Avenue, Brooklyn, New York 11204.

7. Defendant, HE WANG, is the owner, Chief Executive Officer, shareholder, director, supervisor, managing agent, and proprietor of UMAI RAMEN, who actively participates in the day-to-day operations of UMAI RAMEN and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York

Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with UMAI RAMEN.

8. Defendant, HE WANG, exercises control over the terms and conditions of his employees' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

9. Defendant, HE WANG, is present on the premises of UMAI RAMEN on a daily basis, actively supervises the work of the employees, and mandates that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by him.

10. Upon information and belief, UMAI RAMEN is an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

11. Defendants continuously employed Plaintiff to work as a non-exempt dishwasher, porter, and kitchen helper/food preparer for Defendants' Japanese restaurant from in or September 2016 until on or about December 4, 2016.

12. The work performed by Plaintiff was directly essential to the business operated by Defendants.

13. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

14. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

15. Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

17. Defendant, HE WANG, actively participates in the day-to-day operation of UMAI RAMEN. For instance, Mr. Wang personally hires and fires the employees, supervises and directs the work of the employees, instructs the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

18. Defendant, HE WANG, personally creates and implements all critical business policies, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

19. In or about September 2016, Defendants hired Plaintiff to work as a non-exempt dishwasher, porter, and food preparer/kitchen helper for Defendants' Japanese restaurant known as Umai Ramen, located at 6320 18th Avenue, Brooklyn, New York.

20. Plaintiff worked continuously for the Defendants in those capacities until on or about December 4, 2016.

21. Plaintiff worked over forty (40) hours per week.

22. Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

23. Throughout the entirety of his employment, Plaintiff was not paid proper minimum wages and overtime compensation. Throughout the entirety of his employment, Plaintiff was paid, in cash, at the rate of $420 per hour straight time for all hours worked, and worked seventy-two (72) hours per week (for a regular rate of pay of $5.83 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

24. Upon paying Plaintiff his cash wages each week, the Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

25. Upon hiring Plaintiff, the Defendants failed to provide Plaintiff with a wage notice setting forth, among other things, his regular hourly rate of pay and corresponding regular overtime rate of pay.

26. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff.

27. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New

York Labor Law and the supporting federal and New York State Department of Labor Regulations.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff a "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

29. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

30. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "29" of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

33. Upon information and belief, at all times relevant to the allegations herein, UMAI RAMEN had annual gross revenues in excess of $500,000.

34. Plaintiff worked hours for which he was not paid the statutory minimum wage.

35. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff for hours worked.

36. Defendants failed to pay Plaintiff minimum wages in the lawful amount for hours worked.

37. Plaintiff was entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

38. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

39. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

40. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff.

41. As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make,

keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

42. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

43. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

44. Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

45. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

46. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

48. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him minimum wages in the lawful amount for hours worked.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

50. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

51. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day he worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

52. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

53. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

54. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

55. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

56. Upon hiring Plaintiff, the Defendants failed to notify Plaintiff of his regular rate of pay, corresponding overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

57. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

58. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, VALDEMAR ALBERTO VELIZ, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e) An award of liquidated damages as a result of Defendants' failure to pay minimum wags, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f) An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       January 5, 2017

                                    Respectfully submitted,

                                    CILENTI & COOPER, PLLC
                                    *Attorneys for Plaintiff*
                                    708 Third Avenue – 6th Floor
                                    New York, NY 10017
                                    T. (212) 209-3933
                                    F. (212) 209-7102

                     By: _____
                              Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _Valdemar Veliz_, am an employee currently or formerly employed by _Umai Ramen_, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_12.6_, 2016

*Valdemar Alberto Veliz*